PHILIP KANTER AND JOSEPH COHEN, PROSECUTORS, v. BOARD OF ADJUSTMENT OF THE CITY OF EAST ORANGE, COUNTY OF ESSEX; HENRY C. WILLIAMS, SECRETARY OF SAID BOARD, AND THE CITY OF EAST ORANGE, RESPONDENTS.

Decided June 14, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Howe & Davis.*

For the respondents, no briefs.

PER CURIAM.

The prosecutors are the owners of a tract of land having a frontage of sixty-two feet and a depth of one hundred and

fifty feet, located on the westerly side of Evergreen Place, in the city of East Orange. The prosecutors contemplated the erection of a four-story brick apartment house for the accommodation of thirty-two families. Accordingly they made application to the building inspector of the city of East Orange for a permit, their application, being in due form, was accompanied by plans and specifications, with the required legal fee.

The application was refused upon the ground that a zoning ordinance in force forbids the erection of apartment houses in the district where the prosecutors' property is located * * * the property being located in a one-family district.

An appeal was taken to the board of adjustment of the city of East Orange, which board heard the matter on the 23d day of March, 1927.

According to the agreed state of the case, it appeared that the proposed building complies in every respect with the building code of the city of East Orange. No testimony was offered to show the building would be detrimental to the health, morals, safety or welfare of the neighborhood, or of the city of East Orange.

The burden of proof to establish that the ordinance was unreasonable was upon the prosecutors. In *Feldman & Pivnick* v. *Board of Adjustment of the City of East Orange,* 6 *N. J. Mis. R.* 520, it was held: "Such board, in its acts, acts judicially on a lawful ascertainment of facts. *Bilt-Wel Co.* v. *Dowling,* 5 *Id.* 180.

"The presumption is that the requirements and regulations of the ordinance are reasonable unless the contrary is shown [*Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96], and there is a further presumption that the action of the board was right. *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801. It follows, therefore, that the action of the board in refusing to vary or modify the terms of the ordinance will not be disturbed unless its action is shown by lawful evidence to be wrong. *Oxford Construction Co.* v. *Orange, Ibid.* 729."

The decision in the case of Feldman & Pivnick *v.* Board of Adjustment of East Orange is controlling here, and, therefore, leads us to dismiss the writ, but without costs.